IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0713 |
| | § | |
| FOUR J'S COMMUNITY LIVING CENTER, INC., *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This insurance coverage dispute is before the Court on the Motion to Intervene [Doc. # 24] filed by Patty Wagner ("Movant"), as Guardian of Jenny Wagner, to which Plaintiff Certain Underwriters at Lloyds, London ("Lloyds") filed a Response [Doc. # 27]. Movant did not file a Reply but, instead, filed a Notice [Doc. # 28] advising the Court that the underlying state court action is scheduled for a hearing for entry of judgment on December 16, 2011. Having reviewed the full record and the applicable legal authorities, the Court **denies** the Motion to Intervene without prejudice.

## I. BACKGROUND

Jenny Wagner was a resident of a home for mentally disabled individuals. The home was owned by Anthonia Uduma, and it was leased to and operated by Uduma's

company, Four J's Community Living Center, Inc. ("Four J's"). Four J's is the insured under a Health Care Professional and General Liability Policy issued by Lloyds.

In September 2008, Jenny Wagner was severely burned in a fire at the home. Movant filed a lawsuit in the 269th Judicial District Court of Harris County, Texas, *Patti Wagner, as Guardian of Jenny Ann Wagner, an Incapacitated Adult v. Four J's Community Living Center, Inc., et al.* (the "Underlying Lawsuit"). Following trial, the jury returned a verdict in Movant's favor for $8,091,600.00.

Lloyds filed this lawsuit seeking a declaration that there is no coverage under the Four J's insurance policy for the Wagner claim. Movant filed the pending Motion to Intervene, which is ripe for decision.

## II. <u>ANALYSIS AND ORDER</u>

A party may intervene as a matter of right if (1) the motion to intervene is timely; (2) the movant has an interest that is related to the property or transaction that forms the basis of the pending lawsuit; (3) the disposition of the pending lawsuit may impair the movant's ability to protect her interest; and (4) the existing parties do not adequately represent the movant's interest. *See* FED. R. CIV. P. 24(a)(2); *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). A party may be entitled to permissive intervention where her claim and the main action have a question of law

or fact in common. *See* FED. R. CIV. P. 24(b)(2). Permissive intervention is a matter "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Staley v. Harris County, Tex.*, 160 F. App'x 410, 414 (5th Cir. Dec. 27, 2005) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984)).

Movant seeks to intervene in this insurance coverage lawsuit, asserting an interest in the insurance policy proceeds. Lloyds argues that Movant has no protectable interest in or claim to the proceeds because no final judgment has been entered in the underlying lawsuit.

It is well settled that "Texas is not a direct action state." *Ohio Cas. Ins. Co. v. Time Warner Entertainment Co.*, 244 S.W.3d 885, 888 (Tex. App. – Dallas 2008, review denied) (quoting *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App.– Austin 2002, no pet.). Specifically, "[a] tort claimant has no direct cause of action against the tortfeasor's liability insurer until the insured-tortfeasor is adjudged liable to the tort claimant." *Id.* (citing *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997); *State Farm County Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989)). In *Ollis*, the Texas Supreme Court held that although "a party injured by the insured is a third party beneficiary of a liability insurance policy . . . he

cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party." *Ollis*, 768 S.W.2d at 723 (citing *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969)).

In this case, it is undisputed that no final judgment has been entered in the Underlying Lawsuit. As a result, Movant does not yet have a protectable interest in or claim to any insurance proceeds on which to base her intervention into this insurance coverage dispute. Accordingly, it is hereby

**ORDERED** that the Opposed Motion to Intervene [Doc. # 24] is **DENIED WITHOUT PREJUDICE**. Movant may file a new Motion to Intervene after the entry of a final judgment in the Underlying Lawsuit.

SIGNED at Houston, Texas, this 2nd day of **December, 2011**.

Nancy F. Atlas
United States District Judge